WESTERN LIFE & ACCIDENT COMPANY OF COLORADO, APPELLANT, v. STATE INSURANCE BOARD, APPELLEE.

FILED APRIL 14, 1917.   No. 19380.

1. Insurance: "ASSESSMENT ASSOCIATION." An insurance company which requires the payment of a fixed premium in advance and provides benefits not in any degree dependent upon the collection of assessments from other members, and which does not provide for the levying of extra assessments, if necessary, is not an assessment association as defined by the Nebraska insurance laws. Rev. St. 1913, sec. 3138.

2. ———: RESERVE FUND. A mutual insurance company which guarantees dividends in the form of paid-up insurance for one year to policy-holders who have been members continuously for five years may be required by the insurance board to provide a reserve fund to meet the liability thus created. Rev. St. 1913, secs. 3138, 3139, 3233, 3235.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*R. C. Roper* and *Leo E. Pryor,* for appellant.

*Willis E. Reed, Attorney General,* and *George W. Ayres,* contra.

ROSE, J.

The Western Life & Accident Company of Colorado, a corporation engaged in the business of accident and sickness insurance, applied to the insurance board for a certificate of authority to transact business in Nebraska. Its policy contains the following provision: "Each fifth year period continuous membership from the date of this contract shall entitle the insured to a dividend to be applied

on the premiums of this policy, but said dividend shall not be less than twenty per cent. of the premiums paid hereon during said five-year period."

An insured entitled to the benefit of this provision is described in the record as a "persistent policy-holder," and is entitled to paid-up insurance for the sixth year. The insurance board declined to issue a certificate on the ground that plaintiff refused to make any provision for the establishment of a reserve fund to meet the claims of persistent policy-holders, thus disregarding a regulation of the insurance board. Plaintiff appealed to the district court, where the decision of the insurance board was affirmed. From the affirmance, plaintiff has appealed to this court.

Has the state insurance board power to require plaintiff, a mutual insurance company of Colorado, to provide a reserve fund for deferred dividends guaranteed to persistent policy-holders in the form of paid-up insurance for the sixth year of continuous membership, as a condition of procuring a certificate to transact business in Nebraska? Plaintiff contends that only 7 per cent. of its members become persistent policy-holders, that it is an assessment company, and that it is without power to create a reserve fund for the protection of a part of its policy-holders. Plaintiff purports to be organized under Colorado laws providing for the incorporation of insurance companies "upon the assessment plan." The Nebraska statute defines an "assessment association" to be "one that meets its losses and expenses from assessments levied upon its members," and a "mutual company" to be "one without capital stock that charges a fixed premium and is required to maintain the same reserve as a stock company." Rev. St. 1913, sec. 3138. The contract of insurance issued by plaintiff provides for the payment of a membership fee and a fixed premium in advance, the insurance being for a term of one month, renewable upon the payment of the premium in advance for the succeeding month. The policy also provides that the liability of the insured "shall not exceed twelve monthly premiums in one year and shall not be less than

eleven." It does not appear that the indemnity to be paid to the insured is dependent upon the collection of assessments from other policy-holders, nor that additional assessments may be levied, if necessary. Within the meaning of the insurance laws plaintiff does not transact business on the assessment plan and is not an assessment association. Rev. St. 1913, secs. 3138, 3262-3264, 3268; *State v. Matthews,* 58 Ohio St. 1; *Knott v. Security Mutual Life Ins. Co.,* 161 Mo. App. 579. The insurance board may properly hold that plaintiff, not being an assessment association, is not entitled to a certificate to transact business without complying with the conditions imposed upon similar mutual companies.

Mutual companies are required to maintain the same reserve as stock companies. Rev. St. 1913, sec. 3138. The insurance board requires domestic companies, guaranteeing deferred dividends in the form of paid-up insurance to persistent policy-holders, to provide a reserve fund, and applied the same rule to plaintiff. This regulation appears to be authorized by law. Rev. St. 1913, secs. 3139, 3235, 3275.

The statute provides that the insurance board "shall have general supervision, control and regulation of insurance companies, associations, and societies, and the business of insurance in Nebraska;" that "it shall have power to make all needful rules and regulations for the purpose of carrying out the true spirit and meaning of this chapter and all laws relating to the business of insurance;" and that "no insurance policy or certificate of any kind shall be issued or delivered in this state unless and until a copy of the form thereof has been filed with the insurance board and approved by it." These powers may be exercised to compel a foreign insurer to provide a reserve fund required of a similar domestic insurer.

The judgment of the district court is therefore

AFFIRMED.